Clifford Tucker, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2243
Email: CTucker@SaccoFillas.com
Attorneys for Plaintiff Miguel Angel Leal Avila

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL ANGEL LEAL AVILA, *on behalf of themselves and all other persons similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>AGUACALIENTE ENTERPRISES CORP. d/b/a JIMBOS HAMBURGER PALACE, URBANO ENTERPRISES INC., URBANO HERNANDEZ and JOSE HERNANDEZ,<br><br>Defendants. | Case No. 1:21-cv-10307<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION** |

Plaintiff MIGUEL ANGEL LEAL AVILA ("Plaintiff"), on behalf of themselves and all others similarly situated, by his attorneys Sacco & Fillas, LLP, complaining of defendants AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE, URBANO ENTERPRISES INC, URBANO HERNANDEZ, and JOSE HERNANDEZ (collectively referred to herein as "defendants"), allege as follows:

**NATURE OF THE ACTION**

1. For over six years, MIGUEL ANGEL LEAL AVILA, was ostensibly employed as a delivery worker at Defendants' restaurant at 117 Dyckman Street, New York, New York 10040 (collectively "subject restaurants"). He worked up to forty-eight (48) hours per week. Throughout his employment, Plaintiff MIGUEL ANGEL LEAL AVILA did not receive the statutory minimum

1

wage, and overtime pay for hours worked over forty per week. Additionally, Plaintiff MIGUEL ANGEL LEAL AVILA did not receive wage notices, or wage statements at the end of each pay period.

2. Plaintiff MIGUEL ANGEL LEAL AVILA bring this action on behalf of themselves and all other similarly situated non-exempt workers, seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL"). and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff MIGUEL ANGEL LEAL AVILA's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the AGUACALIENTE ENTERPRISES, CORP d/b/a JIMBOS HAMBURGER PALACE are located within the Southern District of New York.

## THE PARTIES

5. Plaintiff MIGUEL ANGEL LEAL AVILA resides in Bronx, New York.

6. Defendants employed Plaintiff MIGUEL ANGEL LEAL AVILA as a delivery worker from approximately March 2008 until approximately September 2020.

7. Throughout his employment with Defendants, Plaintiff MIGUEL ANGEL LEAL AVILA's work duties included delivering food to customers.

2

8. Throughout his employment, Plaintiff MIGUEL ANGEL LEAL AVILA was an employee within the meaning of the FLSA and NYLL.

### *Defendant AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE*

9. Defendant AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE is a New York corporation that owns, operates, and does business as restaurant, located at 117 Dyckman Street, New York, New York 10040.

10. At all times herein, Defendants' restaurant had more than eleven (11) employees.

11. Defendant AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Defendant AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. In the three years preceding the filing of this Complaint, AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE has had an annual gross volume of sales in excess of $500,000.

### *Defendant URBANO ENTERPRISES INC*

14. Defendant URBANO ENTERPRISES INC is a New York corporation that owns, operates, and does business as restaurant located at 117 Dyckman Street, New York, New York 10040.

15. Defendant URBANO ENTERPRISES INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

3

16. Defendant URBANO ENTERPRISES INC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. In the three years preceding the filing of this Complaint, URBANO ENTERPRISES INC has had an annual gross volume of sales in excess of $500,000.

### *Defendants URBANO HERNANDEZ*

18. Defendants URBANO HERNANDEZ is the Chief Executive Officer of AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

19. Defendants URBANO HERNANDEZ maintains access and/or control over the business license for Defendant AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

20. Throughout Plaintiff MIGUEL ANGEL LEAL AVILA's employment, Defendant URBANO HERNANDEZ participated in the day-to-day operations of the subject restaurants.

21. Defendant URBANO HERNANDEZ had the power to hire and fire Plaintiff MIGUEL ANGEL LEAL AVILA.

22. Defendant URBANO HERNANDEZ exercised sufficient control over Defendants' operations and Plaintiff MIGUEL ANGEL LEAL AVILA's employment to be considered his employer under the FLSA and NYLL.

23. Defendant URBANO HERNANDEZ is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

24. Defendant URBANO HERNANDEZ exercises sufficient control over AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE operations to be considered Plaintiff' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

25. Defendant URBANO HERNANDEZ is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of URBANO ENTERPRISES INC. He exercises sufficient control over URBANO ENTERPRISES INC operations to be considered Plaintiff' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at URBANO ENTERPRISES INC.

### Defendant JOSE HERNANDEZ

26. Defendant JOSE HERNANDEZ is a manager or owner of AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

27. Defendant JOSE HERNANDEZ maintains access and control over the business license for Defendant AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

28. Throughout Plaintiff MIGUEL ANGEL LEAL AVILA's employment, Defendant JOSE HERNANDEZ participated in the day-to-day operations of the subject restaurant.

29. Defendant JOSE HERNANDEZ hired Plaintiff MIGUEL ANGEL LEAL AVILA.

30. Defendant JOSE HERNANDEZ paid Plaintiff MIGUEL ANGEL LEAL AVILA on a regular basis.

5

31. Defendant JOSE HERNANDEZ set Plaintiff MIGUEL ANGEL LEAL AVILA's hours.

32. Defendant JOSE HERNANDEZ held himself out as the person who set Plaintiff MIGUEL ANGEL LEAL AVILA's salary.

33. Defendant JOSE HERNANDEZ supervised Plaintiff MIGUEL ANGEL LEAL AVILA.

34. Defendant JOSE HERNANDEZ maintained payroll records.

35. Defendant JOSE HERNANDEZ had the power to hire and fire Plaintiff MIGUEL ANGEL LEAL AVILA.

36. Defendant JOSE HERNANDEZ set the subject restaurants' payroll policies, including the unlawful practices complained of herein.

37. Defendant JOSE HERNANDEZ exercised sufficient control over Defendants' operations and Plaintiff MIGUEL ANGEL LEAL AVILA's employment to be considered his employer under the FLSA and NYLL.

38. Defendant JOSE HERNANDEZ is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

39. Defendant JOSE HERNANDEZ exercises sufficient control over AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE's operations to be considered Plaintiff' employer under the FLSA and NYLL,

40. At all times material herein Defendant JOSE HERNANDEZ had the authority to hire and fire employees and established and exercised authority regarding the pay practices at AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE.

## **FACTUAL ALLEGATIONS**

### *Plaintiff MIGUEL ANGEL LEAL AVILA*

41. Plaintiff MIGUEL ANGEL LEAL AVILA was ostensibly employed as a delivery worker.

42. From approximately March 2008 through December 2014, Plaintiff MIGUEL ANGEL LEAL AVILA regularly worked six days per week from approximately 8:00 a.m. to approximately 3:00 p.m., on Mon, Tue, Wed, Fri, Sat, and Sun totaling approximately forty-two (42) hours per week.

43. From approximately January 2015 through September 2020, Plaintiff MIGUEL ANGEL LEAL AVILA regularly worked six days per week from approximately 8:00 a.m. to approximately 3:00 p.m., on Mon, Tue, Wed, Fri, Sat, and Sun totaling approximately forty-two (42) hours per week but off on Sundays once per month.

44. From approximately March 2008 through September 2020, Plaintiff MIGUEL ANGEL LEAL AVILA was paid $280 per week.

45. Plaintiff MIGUEL ANGEL LEAL AVILA was paid his wages in cash.

46. Defendants did not furnish Plaintiff MIGUEL ANGEL LEAL AVILA with wage statements with each payment of wages as required by the NYLL.

47. Defendants did not furnish Plaintiff MIGUEL ANGEL LEAL AVILA with wage notices at his time of hiring or when his rates of pay changed that, *inter alia*, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

48. Plaintiff MIGUEL ANGEL LEAL AVILA was required to purchase a delivery bicycle which cost approximately $500

49. Plaintiff MIGUEL ANGEL LEAL AVILA an electric bicycle which cost approximately $1,400. Plaintiff was also required to pay for bicycle tickets out of pocket.

7

50. Defendants did not give Plaintiff a written notice of pay rate, tip credit, and pay day as required under 12 NYCRR 146-2.2.

51. Defendants did not give Plaintiff a statement to Plaintiff pursuant to 12 NYCRR 146-2.3.

52. Defendants did not make a posting pursuant to 12 NYCRR 146-2.3.

53. Defendants AGUACALIENTE ENTERPRISES CORP. D/B/A JIMBOS HAMBURGER PALACE, was served with a Notice of Intention to Enforce Shareholder Liability for Services Rendered, pursuant to Section 630 of the Business Corporation Law of New York, notifying it that Plaintiff MIGUEL ANGEL LEAL AVILA intends to charge each of them jointly and severally for all debts due to his for unpaid wages.

54. Defendant URBANO ENTERPRISES INC, was served with a Notice of Intention to Enforce Shareholder Liability for Services Rendered, pursuant to Section 630 of the Business Corporation Law of New York, notifying it that Plaintiff MIGUEL ANGEL LEAL AVILA intends to charge each of them jointly and severally for all debts due to his for unpaid wages

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff MIGUEL ANGEL LEAL AVILA brings the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated non-exempt workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

56. The FLSA Collective consists of approximately thirty non-exempt workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

57. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, inter alia, the following:

  A. failing to keep accurate records of hours worked by the FLSA Collective as required by law;

  B. failing to pay the FLSA Collective minimum wage for their first forty hours of work per workweek; and,

  C. failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

58. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

59. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

60. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Subject Restaurants and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM

### *(Fair Labor Standards Act – Unpaid Minimum Wage)*

61. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

62. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff MIGUEL ANGEL LEAL AVILA and the FLSA Collective.

63. The FLSA and NYLL require that employers pay employees a minimum wage for all hours worked weekly up to forty.

64. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to Defendants.

65. Defendants failed to pay Plaintiff MIGUEL ANGEL LEAL AVILA and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

66. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff MIGUEL ANGEL LEAL AVILA and the FLSA Collective.

67. As a result of Defendants' willful violations of the FLSA, Plaintiff MIGUEL ANGEL LEAL AVILA and other non-exempt workers have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM

### (New York Labor Law – Unpaid Minimum Wage)

68. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

69. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers.

70. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

71. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

72. Defendants failed to pay Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers the minimum wages to which they are entitled under the NYLL and its supporting NYDOL regulations.

73. Defendants willfully violated the NYLL by knowingly and intentionally failing to Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers minimum hourly wages.

74. As a result of Defendants' violations of the NYLL, Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM

### *(Fair Labor Standards Act – Unpaid Overtime Wages)*

75. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

76. Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff MIGUEL ANGEL LEAL AVILA.

77. Defendants were required to pay Plaintiff MIGUEL ANGEL LEAL AVILA the FLSA Collective one and one-half (1½) times their regular wage rate for all hours worked more than forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

78. Defendants failed to pay Plaintiff MIGUEL ANGEL LEAL AVILA and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

79. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff MIGUEL ANGEL LEAL AVILA and the FLSA Collective the proper overtime wage rate.

80. Due to Defendants' violations of the FLSA, Plaintiff MIGUEL ANGEL LEAL AVILA and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM

### *(New York Labor Law – Unpaid Overtime Wages)*

81. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

82. Defendants were Plaintiff MIGUEL ANGEL LEAL AVILA's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

83. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

84. Defendants failed to pay Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers the overtime wages to which they were entitled to under the NYLL and its supporting regulations.

85. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers overtime wages.

86. Due to Defendants' willful violations of the NYLL, Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers are entitled to recover unpaid overtime wages, reasonable attorney's fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM

### *(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)*

87. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

88. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

89. Throughout Plaintiff MIGUEL ANGEL LEAL AVILA's employment with Defendants, Defendants paid Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers without providing them a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

90. Due to Defendants' violation of NYLL § 195(3), Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## SIXTH CLAIM

### *(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)*

91. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

92. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

13

93. Defendants failed to furnish Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

94. Due to Defendants' violation of NYLL § 195(1), Plaintiff MIGUEL ANGEL LEAL AVILA and other similarly situated non-exempt workers are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SEVENTH CLAIM

### *Fair Labor Standards Act - Failure Reimburse for Expenses relating to Tools of the Trade*

95. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

96. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

97. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade.

98. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs when Defendants knew or should have known such was due.

14

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff MIGUEL ANGEL LEAL AVILA respectfully requests that this Court enter a judgment:

   A. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of other similarly situated non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

   B. declaring that Defendants have violated the minimum wage provisions of the NYLL and FLSA;

   C. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

   D. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

   E. declaring that Defendants' violations of the FLSA and the NYLL were willful;

   F. awarding damages for unpaid minimum and overtime wages;

   G. awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

   H. awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

   I. awarding pre-judgment and post-judgment interest under the NYLL;

   J. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

   K. awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff MIGUEL ANGEL LEAL AVILA demands a trial by jury in this action.

| | |
|---|---|
| Dated: New York, New York<br>December 2, 2021 | Sacco & Fillas, LLP<br><br>By: ____/s/ *Clifford Tucker*_____<br>Clifford Tucker, Esq.<br>31-19 Newtown Avenue<br>Seventh Floor<br>Astoria, New York 11102<br>Tel: 718-269-2243<br>Email: CTucker@SaccoFillas.com<br>Attorneys for Plaintiff MIGUEL ANGEL LEAL AVILA<br>File No.: 27104-21 |